UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSEMARY A. PESCE,

       Plaintiff,                  Civil Case No. 2:09-cv-14331

v.                                  JUDGE PAUL D. BORMAN

                                       MAGISTRATE JUDGE
                                       VIRGINIA M. MORGAN

SOCIAL SECURITY,
COMMISSIONER OF

       Defendant.
_____/

**OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, (2) DENYING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN FAVOR OF SUMMARY JUDGMENT, AND (3) DISMISSING THE ACTION**

      Now before the Court is Rosemary Pesce's ("Plaintiff") Objections to Magistrate Judge Virginia Morgan's Report and Recommendation in favor of granting the Commissioner of Social Security's ("Defendant") Motion for Summary Judgment and denying Plaintiff's Motion for Summary Judgment. Plaintiff's objections were filed on August 25, 2010 (Dkt. No. 17), and Defendant responded on September 8, 2010 (Dkt. No. 18).

      For the reasons stated below, the Court will:

      (1) Adopt Magistrate Judge Virginia Morgan's Report and Recommendation;

      (2) Deny Plainitff's Objections to the Report and Recommendation, and

      (3) Dismiss the action.

# I. BACKGROUND

## A. Procedural History

On April 21, 2006, Plaintiff applied for disability benefits for a period beginning on November 22, 2002. (R. 9-A). Plaintiff had previously applied for disability benefits but was denied on May 7, 2002. (R. 105). On September 6, 2006, Plaintiff's claim was denied, and she requested a hearing on November 10, 2006. (R. 9-A). Dean C. Metry, the Administrative Law Judge ("ALJ"), held a video hearing on March 13, 2009. (R. 9-A). The ALJ denied Plaintiff's claim on April 22, 2009. (R. 7). Plaintiff requested a review of the ALJ's decision on June 18, 2009 (R. 5), which was also denied on September 10, 2009 (R. 1).

Plaintiff then filed a Complaint with this Court on November 4, 2009 (Dkt. No. 1). Defendant answered on January 11, 2010 (Dkt. No. 7). Plaintiff filed a Motion for Summary Judgment on April 5, 2010 (Dkt. No. 13), and Defendant filed a cross motion for summary judgment on May 7, 2010 (Dkt. No. 15). Magistrate Judge Morgan filed a Report and Recommendation to deny Plaintiff's Motion and grant Defendant's Motion on August 18, 2010 (Dkt. No. 16).

## B. Plaintiff's Medical History

Plaintiff was 40 years old at the time of her claimed onset of disability in 2002. (R. 104). Prior to filing her disability claim, Plaintiff had worked for approximately 10 years in a nursing home. (R. 110). She now claims that her ability to work is limited by fibromyalgia, depression, Raynaud's syndrome and cholecysittis. (R. 109). Plaintiff states that she spends six to seven hours a day laying down on her couch. (R. 34). She states that she has difficulty using her hands due to pain (R. 35), and that she struggles with social interaction due to depression (R. 36). Plaintiff also states that she has trouble concentrating and reading. (R. 36). Plaintiff is able to go grocery shopping (R. 32) and drive a car, despite her pain symptoms. (R. 33). Plaintiff takes various

medications to help her sleep and as treatment for her pain and depression. (R. 114).

On November 30, 2007, Plaintiff was driving her car when she lost control, collided with a moving train, and fractured her foot. (R. 255). Plaintiff underwent surgery, which included placing a screw in her foot (R. 258). Plaintiff also underwent physical therapy (R. 274), and was discharged with a "fair to good prognosis for recovery as long as she would continue her home exercise program." (R. 277). After persistent complaints of pain in her foot, Plaintiff's treating physician, Dr. Parminder Jaswal, recommended removing the screw. (R. 280). Notably, in his recommendation Dr. Jaswal stated "I am not convinced that [the screw] is bothering her that much, but she is convinced in her mind that getting rid of it is what she needs to do . . ." (R. 280).

## C. The ALJ Hearing and Decision

After a video hearing, the ALJ decided that Plaintiff was not under a disability within the meaning of the Social Security Act ("SSA"). The Magistrate Judge's Report and Recommendation adequately summarizes the ALJ's decision.

> ALJ Metry applied the five-step sequential analysis set out in the SSA's regulations to determine whether [P]laintiff qualified for benefits. 20 C.F.R. § 404.1520 (b)-(f). At step one, ALJ Metry found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date, November 8, 2002, through her date of last insured, June 30, 2007. [R. 10-A]. At [step two], ALJ Metry found that Plaintiff had the severe impairments of "status post motor-vehicle accident and fibromyalgia." [R. 10-A]. . . . . ALJ Metry also concluded that Plaintiff's mental impairment of depression was nonsevere. [R. 10-B]. At step three, ALJ Metry decided that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [R. 11]. At step four, ALJ Metry concluded that Plaintiff could not perform her past relevant work. [R. 14]. Nonetheless, at step five, ALJ Metry found that Plaintiff has the residual functional capacity to perform light work with no exposure to extreme cold[,] but only work with routine, repetitive tasks. [R. 13].

3

(R&R at 2).

## II. LEGAL STANDARD

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. Fed. R. Civ. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). Substantial evidence includes any relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Id.* (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

## III. ANALYSIS

Plaintiff contends that the ALJ erred for two different reasons. Plaintiff first argues that the ALJ's finding that Plaintiff's mental impairment is not severe was not supported by substantial evidence, and secondly, that the ALJ failed to give great weight to Plaintiff's treating physician. Plaintiff's timely objections address both of these arguments, and the Court will consider them *de novo*. *Lyons*, 351 F.Supp.2d at 661.

### A. Substantial Evidence

Plaintiff first argues that the ALJ erred in finding that Plaintiff's mental impairment was not severe. Plaintiff argues that none of the doctors on record state that Plaintiff's depression is mild.

Plaintiff relies primarily on the medical records of Dr. Mark Zaroff (R. 222), Dr. Bruce Douglas (R. 236), and Dr. Lester Webb (R. 254). However, not all of these records actually categorize Plaintiff's depression as severe. Dr. Douglas noted only mild restrictions in Plaintiff's activities of daily living, and did not find that she had any marked functional limitations. (R. 246). Dr. Webb noted that Plaintiff's limitations were mainly due to her physical ailments, stating that Plaintiff's depression was "resulting" from Plaintiff's physical pain. (R. 254). Further, although Dr. Zaroff's report diagnosed Plaintiff with moderate depression (R. 222), the report overall does not note that Plaintiff's depression caused a marked restriction in her activities of daily living, social functioning, or concentration.

In evaluating the severity of Plaintiff's mental impairment, the ALJ considers factors set forth in 20 C.F.R., Part 404, Subpart P, Appendix 1, which states:

> 12.02 Organic Mental Disorders: Psychological or behavioral abnormalities associated with a dysfunction of the brain. . . . .
>
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied . . .

Part B lists the following four criteria:

> 1. Marked restriction of activities of daily living; or
>
> 2. Marked difficulties in maintaining social functioning; or
>
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
>
> 4. Repeated episodes of decompensation, each of extended duration[.]

Regarding the first criteria, the ALJ found that Plaintiff was only mildly limited in activities of daily living, and that any limitations were primarily due to her physical, not mental, impairments. (R. 10-B). The ALJ relied on testimonial evidence that Plaintiff occasionally takes her daughter to

5

school, prepares her lunch, cooks, cleans, shops and pays bills. (R. 10-B). The ALJ also found that Plaintiff has only mild limitations in social functioning, noting that she has a relationship with her mother and son, attends church, and does not have problems with authority figures. (R. 10-B). Finally, the ALJ found that Plaintiff had only mild impairments with concentration. (R. 10-B).

Plaintiff claims this was error, arguing that the ALJ did not consider medical opinions stating that Plaintiff's depression caused moderate limitations. (Pl.'s Br. 4). However, the ALJ's focus was on "the longitudinal evidence of record[.]" (R. 10-B). Specifically, the ALJ found:

> The claimant is able to read, watch television, and go grocery shopping. She takes care of her 12-year-old daughter while her husband is at work. Further, the claimant has never been psychiatrically hospitalized and she has never sought therapeutic treatment. Consistent with the evidence, I find that the claimant has a mild limitation in concentration, persistence, and pace.

(R. 10-B).

The Magistrate Judge properly found that "no mental health or medical professional opined that Plaintiff is disabled or unable to work due to her depression." (R&R at 7). Plaintiff argues that the Magistrate Judge erred by not relying on Plaintiff's treating physician, Dr. Webb, who noted that Plaintiff is unable to work "because of the pain and resulting depression." (R. 254). However, while Dr. Webb's opinion is not entitled to great weight as discussed *infra* at Part B, the Court also notes that Dr. Webb was not Plaintiff's treating psychiatrist. Plaintiff was receiving treatment from Dr. Webb for various physical complaints, but not for her depression.

The ALJ relied on the Plaintiff's direct testimony and medical reports in finding that Plaintiff's depression is only mildly limiting. "[A]n impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th 1988). The ALJ cited evidence throughout

6

the record reflecting that Plaintiff was not significantly limited by her depression. The Court finds that this constitutes substantial evidence, and the ALJ's decision is therefore conclusive on this matter. *Colvin*, 475 F.3d at 730.

**B. Failure to Give Great Weight to Treating Physician's Report**

Plaintiff argues that the ALJ erred by not giving controlling weight to Plaintiff's treating physician, Dr. Lester Webb. According to the treating physician rule, ALJ's must give "controlling weight to the medical opinion of a treating physician if that opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record . . . .'" *White v. Comm'r of Social Sec.*, 572 F.3d 272, 285-86 (6th Cir. 2009) (quoting 20 C.F.R. § 404.1527(d)(2)). "ALJ's must articulate 'good reasons' for not giving the opinions of a treating physician controlling weight. . . . But 'the ultimate decision of disability rests with the administrative law judge.'" *Id.* at 286 (quoting *Walker v. Sec'y of Health and Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992)).

In his decision, ALJ Metry stated:

> I did not assign controlling weight [to] Dr. Web's [sic] opinion because he does not cite to specific treatment records or medical signs and findings. Further, his treatment records do not support his opinions. Additionally, evidence regarding the claimant's activities of daily living is not consistent with his opinion. The record shows she takes care of her 12-year-old daughter before and after school. She is able to drive and shop for groceries. Her mother reports that the claimant cleans twice a week . . . .

(R. 12-A). Plaintiff argues that this is error because the ALJ failed to cite contradicting medical evidence. However, the ALJ properly rejected Dr. Webb's opinion because his records did not refer to specific treatment records or medical findings. "Conclusory statements from physicians are properly discounted by ALJs." *White*, 572 F.3d at 286. The opinions of treating physicians "are

7

accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994). The ALJ also found that Dr. Webb's opinion was contrary to other evidence in the record – specifically, that Plaintiff could drive, shop for groceries, take care of her daughter and clean her house. A treating physician's opinion is not accorded great weight if it is "inconsistent with other substantial evidence of record." 20 C.F.R. 404.1527(d)(2). The ALJ properly articulated "good reasons" for declining to give Dr. Webb's opinion controlling weight.

In her Motion for Summary Judgment, Plaintiff also argues that the ALJ erred by not giving controlling weight to Dr. Parminder Jaswal. The Magistrate Judge found that this was not error (R&R at 11). However, Plaintiff's Objections do not mention Dr. Jaswal. Thus, the Court finds no objection to that portion of the Report and Recommendation and therefore will decline to review it. *Lyons*, 351 F.Supp.2d at 661.

### III. CONCLUSION

For these reasons, the Court:

(1) **ADOPTS** the Magistrate Judges's Report and Recommendation granting Defendant's Motion for Summary Judgment and denying Plaintiff's Motion for Summary Judgment;

(2) **DENIES** Plaintiff's Objections to the Magistrate Judge's Report and Recommendation; and

(3) **DISMISSES** the action **WITH PREJUDICE**.

**SO ORDERED.**

          S/Paul D. Borman
          PAUL D. BORMAN
          UNITED STATES DISTRICT JUDGE

Dated: January 24, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 24, 2011.

                                                    S/Denise Goodine
                                                    Case Manager